1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DANIEL P. BJORLIN,                                     No. CIV S-08-0914-LKK-CMK-P

               Plaintiff,

      vs.                                                        <u>ORDER</u>

SARO,

               Defendants.

_____/

          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on April 20, 2008.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5   allege with at least some degree of particularity overt acts by specific defendants which support

6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7   impossible for the court to conduct the screening required by law when the allegations are vague

8   and conclusory.

9

10                          **I.  PLAINTIFF'S ALLEGATIONS**

11              Plaintiff alleges violations of his Fourth and Eighth Amendment rights stemming

12   from a strip search performed by defendant and defendant's verbal harassment in front of a

13   female officer.  Plaintiff's entire factual allegation is as follows:

14              On Nov. 8, 2007 at appro: 1700-1730 hrs. . . . I was returning from
              sick call.  Correctional Officer: Mr. Saro, was the escorting officer,
15              on the way back, I was playing and I grabbed a roll of toilet paper
              from the desk; that's in front of the dentist office at R. C. Medical.
16              Correctional officer: Mr. Saro, stood right there and watched me
              grab the toilet paper.  I was just horsing around.  Correctional
17              officer: Mr. Saro, became very disrespectful and abusive toward
              me.  At one point Correctional officer; Mr. Saro, stated: to take my
18              clothes off.  In front of a female officer: Correctional officer: Mr.
              Saro, stated: that I had a small dick.  Then Correctional officer; Mr.
19              Saro started: laughing at his joke, and using me for his amusement.
              When I got back to H-wing. Correctional officer: Mr. Saro, took
20              my I.D.  Correctional officer: Mr. Saro, sexual harassed me, and
              made me feel very imbarrass [sic] in front of a female officer.

21

22   Complaint at 3-4.

23                          **II.  DISCUSSION**

24              The treatment a prisoner receives in prison and the conditions under which the

25   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

26   and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

1   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

2   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

3   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

4   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

5   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

6   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

7   when two requirements are met: (1) objectively, the official's act or omission must be so serious

8   such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

9   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

10  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

11  official must have a "sufficiently culpable mind."  See id.  Allegations of verbal harassment do

12  not state a claim under the Eighth Amendment unless it is alleged that the harassment was

13  "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830

14  F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

15  amended by 135 F.3d 1318 (9th Cir. 1998).

16       Prisoners retain a very limited Fourth Amendment right to shield themselves from

17  being observed nude.  See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th cir. 1988).

18  However, this right is not violated if guards only make casual observations of the prisoner or if

19  the observations are made from a distance.  See id. at 334, Grummett v. Rushen, 779 F.2d 491,

20  495-96 (9th Cir. 1985).  Generally, strip searches do not violate the Fourth Amendment rights of

21  prisoners.  See Michenfelder, 860 F.2d at 332-33.  Strip searches that are "excessive, vindictive,

22  harassing, or unrelated to any legitimate penological interest," however, may be unconstitutional.

23  Id. at 332.  In addition, searches intended to harass may violate the Eighth Amendment.

24  See Hudson v. Palmer, 468 U.S. 517, 530 (1984).

25       The essence of plaintiff's claim is that defendant Saro verbally harassed him and

26  violated his right to privacy by requiring him to submit to an unclothed search presumably within

3

1   the view of a female officer. As discussed above, these allegations, as set forth in plaintiff's

2   complaint, fail to state a claim. Plaintiff has done no more than allege he was embarrassed by the

3   statements made by defendant Saro. Generally, allegations of verbal harassment do not state a

4   claim under the Eighth Amendment. His allegations regarding the search are also insufficient to

5   state a claim. He also does not allege that the search he was subject to was intended as

6   harassment or that it was even done within view of a female officer. Plaintiff's complaint does

7   not make any factual allegations that rise to the level of a Fourth or Eighth Amendment violation,

8   such as that he was subjected to strip searches that were excessive, vindictive, or harassing, or

9   that he was subjected to anything other than a casual observation by a female guard.

### III. CONCLUSION

11        Because it is possible that the deficiencies identified in this order may be cured by

12   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

13   action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is

14   informed that, as a general rule, an amended complaint supersedes the original complaint. See

15   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

16   amend, all claims alleged in the original complaint which are not alleged in the amended

17   complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if

18   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

19   plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must

20   be complete in itself without reference to any prior pleading. See id.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

23   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

24   each named defendant is involved, and must set forth some affirmative link or connection

25   between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

26   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1          Finally, plaintiff is warned that failure to file an amended complaint within the

2  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

3  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

4  comply with Rule 8, which requires a short and plain statement of the claim, may, in the court's

5  discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life

6  Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

7          Accordingly, IT IS HEREBY ORDERED that:

8          1.     Plaintiff's complaint, filed on April 30, 2008, is dismissed with leave to

9  amend; and

10         2.     Plaintiff shall file an amended complaint within 30 days of the date of

11  service of this order.

12

13  DATED:  October 17, 2008

14

15  **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26