IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. BJORLIN,   No. CIV S-08-0914-LKK-CMK-P

    Plaintiff,

  vs.   ORDER

SARO,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 17), filed on November 21, 2008.  Plaintiff's original complaint was dismissed with leave to amend for failure to state a claim.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
2  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
3  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied
4  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
5  which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must
6  allege with at least some degree of particularity overt acts by specific defendants which support
7  the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is
8  impossible for the court to conduct the screening required by law when the allegations are vague
9  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges violations of his Fourth and Eighth Amendment rights stemming from an apparent strip search performed by defendant and defendant's verbal harassment in front of a female officer. Plaintiff's entire factual allegation is as follows:

> On Nov. 8, 2007 at appro: 1700-1730 hrs. . . . I was returning from sick call. Correctional Officer: Mr. Saro, was the escorting officer, on the way back, I grabbed a roll of toilet paper. Correctional officer: Mr. Saro, stood right there and watched me; Correctional officer: Mr. Saro, became very disrespectful and abusive toward me. At one point Correctional officer; Mr. Saro, stated: to take my clothes off. In front of a female officers: (Correctional Officer: Ms. Rooter"). Correctional officer: Mr. Saro, stated: that I had a small dick. Then Correctional officer; Mr. Saro started: laughing at his joke, and using me for his amusement. When I got back to H-wing. Correctional officer: Mr. Saro, took my I.D. Correctional officer: Mr. Saro, sexual harassed me, and made me feel very imbarrass [sic] in front of a female officer: Correctional Officer Ms. Rooter.

Amended Complaint at 3-4.

## II. DISCUSSION

The factual allegation in plaintiff's amended complaint is almost identical to that

2

in his original complaint.  The only addition to his factual allegation is the inclusion of the name of the female officer who witnessed this encounter between the plaintiff and officer Saro.

As plaintiff was previously informed, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.  Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Prisoners retain a very limited Fourth Amendment right to shield themselves from being observed nude.  See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th cir. 1988). However, this right is not violated if guards only make casual observations of the prisoner or if the observations are made from a distance.  See id. at 334, Grummett v. Rushen, 779 F.2d 491, 495-96 (9th Cir. 1985).  Generally, strip searches do not violate the Fourth Amendment rights of prisoners.  See Michenfelder, 860 F.2d at 332-33.  Strip searches that are "excessive, vindictive,

harassing, or unrelated to any legitimate penological interest," however, may be unconstitutional. Id. at 332.  In addition, searches intended to harass may violate the Eighth Amendment. See Hudson v. Palmer, 468 U.S. 517, 530 (1984).

        The essence of plaintiff's claim is that defendant Saro verbally harassed him and violated his right to privacy by requiring him to submit to an unclothed search within the view of a female officer, Ms. Rooter.  As discussed above, these allegations fail to state a claim.  Plaintiff has done no more than allege he was embarrassed by the statements made by defendant Saro. Generally, allegations of verbal harassment do not state a claim under the Eighth Amendment. His allegations regarding the search are also insufficient to state a claim.  He alleges that the defendant ordered him to take his clothes off, but he makes no allegation that such an unclothed search actually took place.  His allegation indicates he was issued an order in front of officer Rooter, but he fails to explain whether officer Rooter participated in or even viewed such an actual search.  Plaintiff's complaint does not make any factual allegation that rise to the level of a Fourth or Eighth Amendment violation, such as that he was subjected to strip searches that were excessive, vindictive, or harassing, or that he was subjected to anything other than a casual observation by a female guard.  Embarrassment is not enough to state a claim under the Fourth or Eighth Amendment.

### III.  CONCLUSION

        Plaintiff was provided an opportunity to correct the deficiencies in his complaint. He has failed to do so.  Because it appears plaintiff is either unable or unwilling to cure the defects in his complaint, plaintiff is not entitled to additional leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

        Based on the foregoing, the undersigned recommends that the amended complaint be dismissed without prejudice for failure to state a claim.

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  December 24, 2008

_____<br>
<b>CRAIG M. KELLISON</b><br>
UNITED STATES MAGISTRATE JUDGE