1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DANIEL P. BJORLIN,                    No. CIV S-08-0914-LKK-CMK-P

12              Plaintiff,

13         vs.                              FINDINGS AND RECOMMENDATIONS

14    SARO, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 36).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25    of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26    that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

                                                1

1   1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

2   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

3   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

4   with at least some degree of particularity overt acts by specific defendants which support the

5   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6   impossible for the court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8

9                                    **I.  PLAINTIFF'S ALLEGATIONS**

10          In his amended complaint, plaintiff continues to state his claim against defendant

11   Saro for violating his rights under the Fourth and Eighth Amendments by subjecting him to a

12   strip search for the purpose of harassing him.  In addition, plaintiff now attempts to state a claim

13   against two other defendants: Rooter and Hayes.  As set forth in a separate order, the undersigned

14   finds the amended complaint sufficient to authorize service on defendants Saro and Rooter.

15   However, plaintiff's amended complaint is insufficient as to defendant Hayes.

16          Plaintiff makes the following allegations in the amended complaint relating to

17   defendant Hayes:

18          When I wrote an 602 grievance on correctional officer Mr. Saro,
           and spoke with Correctional Sergeant Mr. Hayes, Corr. Sgt. Mr.
19          Hayes didn't do anything accept grant my 602.  Corr. Sgt. Mr.
           Hayes refused to discipline or reprimand . . . either correctional
20          officers Mr. Saro or Ms. Rooter for their misconduct.  Ms. Rooter
           and Mr. Hayes failed to protect me under Equal Protection Clause.

21

22                                    **II.  DISCUSSION**

23          Supervisory personnel are generally not liable under § 1983 for the actions of their

24   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

25   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

26   violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

1   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

2   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

3   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

4   and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a

5   defendant holds a supervisory position, the causal link between such defendant and the claimed

6   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8   allegations concerning the involvement of supervisory personnel in civil rights violations are not

9   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must

10   plead that each Government-official defendant, through the official's own individual actions, has

11   violated the constitution."  Iqbal, 129 S. Ct. at 1948.

12          Thus, to the extent Ms. Rooter participated in the harassment and strip search,

13   service is authorized as set for by separate order.  However, plaintiff's allegations that both Ms.

14   Rooter and Mr. Hayes' failed to stop Mr. Saro, and failed to discipline him for his actions, are

15   insufficient allegations to support a claim.  Defendants can only be liable for their own actions,

16   not those of others.  There is nothing in plaintiff's complaint that Mr. Hayes was involved in the

17   strip search at all.  Therefore, plaintiff fails to state a claim against Mr. Hayes.

18

19                            **III.  CONCLUSION**

20          Because it does not appear possible that the deficiencies identified herein can be

21   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to the dismissal

22   of Mr. Hayes from this action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000)

23   (en banc).

24          Based on the foregoing, the undersigned recommends that defendant Hayes be

25   dismissed from this action, and that it proceed against Ms. Rooter and Mr. Saro only.

26   / / /

1      These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

3   after being served with these findings and recommendations, any party may file written

4   objections with the court.  Responses to objections shall be filed within 14 days after service of

5   objections.  Failure to file objections within the specified time may waive the right to appeal.

6   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8    DATED: April 21, 2011

9

10                                                 _____
                                                   **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26