IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. BJORLIN, | No. CIV S-08-0914-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SARO, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion (Doc. 49) by defendant Gladney (sued as "Rooter") to dismiss for, among other things, failure to exhaust administrative remedies.[1] Plaintiff has not filed an opposition.

/ / /

/ / /

/ / /

---

[1] Process directed to defendant Saro was returned unexecuted on June 8, 2011. By separate order, plaintiff will be directed to provide additional information for service on this defendant.

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that he was subjected to an improper strip search by defendant Saro on November 8, 2007. In particular, plaintiff claims that defendant Saro ordered him to remove his clothes and then joked that plaintiff had a small penis. Plaintiff states that he felt humiliated in front of female correctional officers who were present at the time. According to plaintiff, defendant Gladney (sued as "Rooter") stood by and failed to prevent the humiliation. Plaintiff alleges that he completed the administrative exhaustion process.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

///
///
///
///

### III.  DISCUSSION

Defendant Gladney argues, among other things, that plaintiff's claim against her is unexhausted.  Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.  Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

///

1          In certain circumstances, the regulations make it impossible for the inmate to
2  pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939
3  n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by
4  prison officials as a "staff complaint" and processed through a separate confidential process,
5  prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing
6  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff
7  complaint."  See id. at 940.  If there are separate claims in the same grievance for which further
8  administrative review could provide relief, prison regulations require that the prisoner be notified
9  that such claims must be appealed separately.  See id. at 939.  The court may presume that the
10 absence of such a notice indicates that the grievance did not present any claims which could be
11 appealed separate from the confidential "staff complaint" process.  See id.
12         In this case, declarations submitted with defendant's motion indicate that plaintiff
13 filed one grievance – log no. DVI-07-3128 – relating to the November 2007 strip search.  In that
14 grievance, plaintiff complains of the alleged conduct of defendant Saro.  This grievance,
15 however, makes no mention of any correctional officer failing to prevent the humiliation plaintiff
16 suffered as a result of defendant Saro's alleged comments about his penis.  In fact, the only
17 mention of another correctional officer in the grievance is plaintiff's statement that defendant
18 Saro "made me feel very imbarrass [sic] in front of a female correctional officer," presumably
19 defendant Gladney.
20         As the Supreme Court has stated, substantively a grievance must afford prison
21 officials the opportunity to address the inmate's claims.  Here, plaintiff's grievance failed to do
22 so with respect to defendant Gladney.  While plaintiff's grievance identified the correctional
23 officer who is alleged to be directly responsible, and thus afforded prison officials the
24 opportunity to take appropriate action with respect to that officer (Saro), the grievance provided
25 no such opportunity with respect to Gladney because she is not mentioned as someone who did
26 anything wrong (or at all for that matter).

The court does not agree with defendant that the grievance is inadequate because it was not pursued through the final level of review.  Specifically, exhaustion was satisfied when plaintiff's grievance was classified as a "staff complaint."  Nonetheless, the grievance was substantively inadequate as to defendant Gladney because it did not mention any conduct on her part.  If plaintiff felt that defendant Gladney wronged him by failing to act where she had a duty to do so, he should have said so in his prison grievance.  Because he did not, any claim against Gladney is unexhausted and she should be dismissed as a defendant to this action.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 49) be granted and that Gladney (sued as "Rooter") be dismissed as a defendant to this action, which shall proceed as against Saro only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 23, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE